**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ELIJAH HORTON,**

        **Plaintiff,**

    **v.**

**LIEUTENANT ALBRIGHT,** *et al.*,

        **Defendants.**

        **Civil Action 1:26-cv-251**
        **Judge Matthew W. McFarland**
        **Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Elijah Horton, sues several prison employees and various state and federal departments and officials for deliberate indifference to a serious medical need and excessive force in violation of his Eighth Amendment rights under 42 U.S.C. § 1983.  (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned finds that Plaintiff **MAY PROCEED** on his individual-capacity Eighth Amendment claims for deliberate indifference to medical needs and excessive force against Defendants Blake, Albright, Pittman, and John Doe; however, the undersigned **RECOMMENDS** that Plaintiff's remaining

claims be dismissed for failure to state a claim on which relief can be granted or for lack of subject-matter jurisdiction.

Additionally, Plaintiff's motion to have his case heard only by a District Judge (ECF No. 1-4) and motion to convey (ECF No. 1-5) are **DENIED**, and Plaintiff's motion to change venue (ECF No. 1-6) is **DENIED AS MOOT**.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 2.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $18.44 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A827136) at the Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse

85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.     BACKGROUND

Plaintiff alleges that on December 29, 2025, he and his cellmate were sprayed with mace for allegedly kicking the sink in their cell. Plaintiff and his cellmate were then placed in belly band restraints and handcuffed to the waist and escorted by correctional officers to the infirmary. Plaintiff was examined by medical staff, but after he informed them that mace was only on his clothes, he was cleared to return to his cell. However, Plaintiff was nervous about being escorted back to his cell without his cellmate, as Plaintiff feared that correctional staff would retaliate against Plaintiff. When Defendant Correctional Officer Blake tried to escort Plaintiff back to his cell, Plaintiff stated that he did not want to go back without his cellmate. Blake and a medical correctional officer used physical force to remove Plaintiff from the infirmary. Officer Blake then stopped with Plaintiff in the hallway to wait for instructions. (Compl. ¶¶ 1–8, ECF No. 1-1.)

Defendant Lieutenant Albright arrived and instructed Blake to escort Plaintiff back to his cell. When Plaintiff did not begin moving, Blake picked up Plaintiff and slammed him on his face. Plaintiff was then told to get up and walk and was escorted back to his cell by Albright and Defendant Sergeant Pittman. On the way, Plaintiff attempted to grab onto a set of bars and Albright sprayed Plaintiff with mace. Despite asking to go back to the infirmary, Albright and Pittman continued escorting Plaintiff back to his cell. Albright sprayed Plaintiff with mace a

3

second time. Pittman then picked up Plaintiff off his feet, slammed Plaintiff on his face, and kicked Plaintiff until Plaintiff lost consciousness. Plaintiff regained consciousness in the infirmary where he was examined by medical staff. He alleges he has ongoing hearing loss in his right ear where Albright sprayed him with mace. (*Id.* ¶¶ 9–17.)

In addition to Blake, Albright, and Pittman, Plaintiff also alleges that John Doe, an unknown correctional officer, was present but failed to intervene in the other Defendants' use of excessive force. (*Id.* ¶ 21.) Plaintiff also names as Defendants the Ohio Attorney General, the Attorney General of the United States, and the Ohio Department of Rehabilitation and Correction. (*Id.* at 4, ¶¶ 22–24.) Plaintiff sues all Defendants in both their individual and official capacities and alleges that Defendants were negligent, were deliberately indifferent to Plaintiff's medical needs, failed to adhere to ODRC ethics policies, engaged in cruel and unusual punishment, and conducted a wrongful search and seizure in violation of the Fourth, Eighth, and Fourteenth Amendments. Plaintiff seeks $3 million in damages. (*Id.* at 6, ¶ 25–26.)

## II.      STANDARD OF REVIEW

**A.      Failure to State a Claim**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>        * * *

4

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

5

Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.      Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

6

### III.   ANALYSIS

The undersigned construes Plaintiff's Complaint to advance claims under 42 U.S.C. § 1983 for deliberate indifference to medical needs and excessive force in violation of the Eighth Amendment. Although Plaintiff also references the Fourth and Fourteenth Amendments, the use of force against post-conviction detainees is governed by the Eighth, not Fourth or Fourteenth, Amendment. *See Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Nor can the undersigned discern any property or liberty interest implicated by Plaintiff's allegations as would be necessary to advance a due process claim under the Fourteenth Amendment. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Having performed the initial screen, the undersigned concludes that Plaintiff may proceed on his individual-capacity Eighth Amendment claims for deliberate indifference to serious medical needs and excessive force against Defendants Blake, Albright, Pittman, and John Doe. Plaintiff's remaining claims, however, must be dismissed.

First, Plaintiff's claims against any arms of the State of Ohio (*i.e.*, the Ohio Attorney General's Office and the Ohio Department of Rehabilitation and Correction) are barred by the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of*

*Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. But Plaintiff seeks only damages, not prospective relief. Accordingly, no exception to sovereign immunity applies and Plaintiff's claims against the State of Ohio, or its departments, must be dismissed.

Similarly, to the extent that Plaintiff sues any of the individual state employee Defendants (*i.e.*, Blake, Albright, Pittman, John Doe, and the Ohio Attorney General) in their official capacities, those claims must also be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entity—the State of Ohio. Plaintiff's official-capacity claims against Blake, Albright, Pittman, John Doe, and the Ohio Attorney General must therefore be dismissed.

As to the remaining individual-capacity claim against the Ohio Attorney General, Plaintiff alleges that the Ohio Attorney General "is involved because they are representatives of all state employees acting under color of state law." (Compl. ¶ 22, ECF No. 1-1.) Plaintiff does not allege any personal involvement by the Ohio Attorney General. This is fatal to Plaintiff's individual-capacity claim. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each*

8

defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). Plaintiff's allegations therefore fail to state a claim under § 1983 against the Ohio Attorney General.

For the same reason, Plaintiff's claims against the Attorney General of the United States must be dismissed. Contrary to Plaintiff's allegations that "[t]he U.S. Attorney General in Washington DC is involved because they are representatives of all state agencies, officers, and employers acting under the color of state law," the Attorney General of the United States is a federal, not a state, official. (Compl. ¶ 23, ECF No. 1-1.) The federal Attorney General therefore has no responsibility for or involvement in state prison policies or employment that would bear on Plaintiff's claims and could not have violated Plaintiff's rights via the conduct of state employees.

### IV.    ANCILLARY MOTIONS

Plaintiff also enclosed several ancillary motions with his Complaint. The first asks that no Magistrate Judge hear or make any rulings in this case and states that Plaintiff "only want[s] a District Judge." (ECF No. 1-4.) But federal statutes and rules allow a Magistrate Judge to hear and determine any pretrial matter pending before the court, with certain exceptions that are inapplicable here. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To the extent that Plaintiff disagrees with any ruling or recommendation made by the undersigned, Plaintiff may file objections within fourteen days of such ruling or recommendation, and the District Judge will rule on those objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Plaintiff's motion to have his case heard only by a District Judge (ECF No. 1-4) is therefore **DENIED**.

Plaintiff also filed a motion to convey (ECF No. 1-5), seeking transportation from the prison to the Court for trial. As no trial (or any other hearing or conference requiring Plaintiff's

physical presence) has yet been scheduled, Plaintiff's motion to convey is **DENIED** as premature.

Finally, Plaintiff moves for a change of venue to the Southern District of Ohio at Cincinnati. (ECF No. 1-6.) However, this action is already pending in the Southern District of Ohio in the Cincinnati seat of Court. Accordingly, Plaintiff's motion to change venue (ECF No. 1-6) is **DENIED AS MOOT**.

## V.    DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, Plaintiff **MAY PROCEED** on his individual-capacity Eighth Amendment claims for deliberate indifference to serious medical needs and excessive force against Defendants Blake, Albright, Pittman, and John Doe; however, the undersigned **RECOMMENDS** that Plaintiff's remaining claims be dismissed for failure to state a claim on which relief can be granted or for lack of subject-matter jurisdiction under 28 U.S.C. §§ 1915(e), 1915A(b).

Additionally, Plaintiff's motion to have his case heard only by a District Judge (ECF No. 1-4) and motion to convey (ECF No. 1-5) are **DENIED**, and Plaintiff's motion to change venue (ECF No. 1-6) is **DENIED AS MOOT**.

Plaintiff has submitted completed summons forms (Form AO-440) and service of process by U.S. Marshal forms (Form USM-285) for each of Defendant Blake, Albright, and Pittman. (ECF No. 1-3, PAGEID #61–66.) If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendants Blake, Albright, and Pittman, Plaintiff is **DIRECTED** to submit three service copies of the Complaint (ECF No. 1-1) to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summonses and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Blake, Albright, and

10

Pittman the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.[1]

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

---

[1] Once Plaintiff learns the identity of Defendant John Doe via discovery, he may also move to amend the Complaint to substitute John Doe's real name and submit summons and USM forms, as well as a copy of the amended Complaint, to have service effected on him via the United States Marshal.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE