**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

ELIJAH HORTON,                              :        Case No. 1:26-cv-251
                                            :
          Plaintiff,                        :        Judge Matthew W. McFarland
                                            :
vs.                                         :
                                            :
LIEUTENANT ALBRIGHT, et al.,                :
                                            :
          Defendants.                       :

---

**ORDER AND OPINION**

---

This matter is before the Court on Plaintiff's Objection to Magistrate Judges to Deny Motion for Appointment of Legal Counsel (Doc. 10). In the Objection, Plaintiff asks that the Court overturn the Magistrate Judge's Order (Doc. 9) denying his request for appointment of legal counsel.

As reason for this request, Plaintiff states that he has reached out to two legal centers for assistance but has been unable to retain counsel. (Objection, Doc. 10.) Attached to his Objection are two letters, one from the ACLU and one from the Ohio Justice & Policy Center, indicating that he had contacted them for legal assistance, but they were unable to provide it for him. (*See* Letters, Doc. 10, Pg. ID 174-77.) Additionally, Plaintiff states that he struggles to "understand a vast majority of the law," and lacks adequate time to study in the law library. (Objection, Doc. 10, Pg. ID 171.) He specifically has "a very hard time understanding the decisions and terms the court uses." Thus, he objects

to the Magistrate Judge's Order denying him appointment of counsel and asks that this Court grant his request. (*Id.*)

When a party files timely objections to a magistrate judge's non-dispositive order, such as a ruling on appointment of counsel, the district court "must consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Brahmamdam v. TriHealth, Inc.*, No. 1:19-CV-152, 2021 WL 4260418, at *1 (S.D. Ohio Sept. 20, 2021). "A decision is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed,' or where the magistrate judge improperly applies the law or employs an erroneous legal standard." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611, 615 (E.D. Mich. 2024) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004)). The Court begins this analysis below.

To be sure, the Magistrate Judge's Order denied Plaintiff's initial Motion for Appointment of Legal Counsel (Doc. 6) pursuant to 28 U.S.C. § 1915(e). (Order, Doc. 9.) Under this code section, appointment of counsel here is discretionary, as such appointment in a civil case is not a constitutional right. 28 U.S.C. § 1915(e); *see also Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The Magistrate Judge noted that appointment of counsel in civil suits "is a privilege that is justified only by exceptional circumstances." (Order, Doc. 9 (quoting *Lavado*, 992 F.2d at 606) (cleaned up).) Accordingly, the Magistrate Judge "evaluated whether such exceptional circumstances

exist and determine[d] that the appointment of counsel is not warranted at this juncture." (*Id.*)

Having examined the Order and Plaintiff's Objection with the proper standard in mind, the Court finds that the Magistrate Judge's decision is not clearly erroneous. Indeed, appointment of counsel in civil matters is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). But, district courts have discretion to "appoint counsel for an indigent civil litigant." *Id.* at 604; 28 U.S.C. § 1915(d). As Magistrate Judge Vascura aptly pointed out, appointment of counsel is a privilege "justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606. Courts have denied such motions without prejudice at early stages in a case, allowing pro se plaintiffs to renew the motion if their claims survive the summary judgment stage. *See, e.g., Bryan v. Jewell*, Case No. 1:21-cv-315, 2022 WL 4592480, at *1 (S.D. Ohio Sept. 30, 2022); *Sherrills v. Wells Fargo Home Mortg.*, Case No. 1:15 CV 1733, 2016 WL 5462961, at *6 (N.D. Ohio Sept. 28, 2016). Here, Plaintiff's case is at a very early stage; moreover, no other exceptional circumstances exist to warrant appointment of counsel. While the Court is sympathetic to Plaintiff's status as both indigent and pro se, these circumstances are not extraordinary. Thus, the Magistrate Judge employed the correct standard of law and applied it properly; denial of appointment of counsel at this juncture is appropriate.

Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 10). The Magistrate Judge's Order (Doc. 9) is **ADOPTED** in its entirety.

**IT IS SO ORDERED**.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

4